# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2019

Lyle W. Cayce
Clerk

No. 19-50647
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

FABIO JUNIOR MARRIEL,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-1243-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

The Government appeals the district court's grant of Defendant-Appellee Fabio Junior Marriel's motion to dismiss the indictment charging him with illegal reentry following removal. *See* 8 U.S.C. § 1326. The district court determined that the notice to appear in Junior Marriel's removal proceedings failed to specify a time and date for the removal hearing and ruled that the immigration court therefore lacked jurisdiction and that the removal order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

underlying the § 1326 charge in the indictment was void.  The Government filed an unopposed motion for summary disposition, contending that the district court's dismissal of the indictment was erroneous in light of *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019).

In *Pedroza-Rocha*, 933 F.3d at 492-93, this court reversed the district court's dismissal of an indictment charging the defendant with violating § 1326.  The district court had concluded that (1) the notice to appear was defective because it did not specify a date and time for the removal hearing and (2) the removal order was thus void.  *Id.*  We determined that (1) the notice to appear was not deficient, (2) in any event the alleged deficiency would not deprive an immigration court of jurisdiction, and (3) § 1326(d) barred Pedroza-Rocha from collaterally attacking his notice to appear when he failed to exhaust his administrative remedies.  *Id.* at 496-98.  The instant case is indistinguishable from *Pedroza-Rocha*.

The Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of [this] case," so summary disposition is appropriate.  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  We GRANT the Government's motion for summary disposition, REVERSE the judgment of the district court, and REMAND this matter for further proceedings consistent herewith.